IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| LECIE MACE | : |
|     Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : No.: 2:25-CV-00970 CBB |
| | : |
| LOS BAJITOS MEXICAN REST & GRILL, INC. | : JURY TRIAL DEMANDED |
| | : |
|     Defendant. | : |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT**

Defendant, Los Bajitos Mexican Rest (sic) & Grill, Inc. ("Los Bajitos"), by and through its counsel, Cohen Vaughan and Pamela G. Cochenour, Esquire, hereby files the within Answer and Affirmative Defenses to Plaintiff's Complaint.

**Nature of the Action**

**1.** The allegations contained in Paragraph 1 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, it is denied that Los Bajitos violated the Family Medical Leave Act and/or the Fair Labor Standards Act in any manner. By way of further response, it is denied that Plaintiff was subjected to retaliation in any way that is actionable under the law and Los Bajitos denies that Plaintiff is entitled to any, or all, of the relief sought in her Complaint.

**Jurisdiction and Venue**

**2.** The allegations contained in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.

**3.** The allegations contained in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required it is admitted that a

1

substantial portion of the facts alleged in the Complaint occurred in Western Pennsylvania.

## Parties

4. Defendant admits only so much of Paragraph 4 of the Complaint that alleges that Lecia Mace is an adult individual. Defendant lacks knowledge, information, and belief as to the remaining facts in Paragraph 4 of the Complaint.

5. Defendant lacks knowledge, information, and belief as to the existence of an entity identified in the Complaint as "Los Bajitos Mexican Rest & Grill Inc." By way of further response, Los Bajitos Mexican Restaurant & Grill Inc. has its principal place of business at 325 Southpointe Blvd, Canonsburg, PA 15317.

6. The allegations contained in Paragraph 6 of the Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, all factual allegations in Paragraph 7 of the Complaint are denied.

8. The allegations contained in Paragraph 8 of the Complaint are denied.

9. The allegations contained in Paragraph constitute conclusions of law to which no response is required. To the extent a response may be required, all factual allegations in Paragraph 9 of the Complaint are denied.

10. The allegations contained in Paragraph 10 of the Complaint contain conclusions of law to which no response is required. To the extent a response may be required, all factual allegations in Paragraph 10 are denied.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

## Facts

12. Defendant admits only so much of Paragraph 12 of the Complaint that alleges that the Plaintiff began working in December of 2022 as a bartender. All other allegations contained in

Paragraph 12 of the Complaint are denied.

## FLSA Factual Allegations

13. Defendant admits only so much of Paragraph 13 of the Complaint that alleges that the Plaintiff worked a shift as a bartender in late May 2025. All other factual allegations contained in Paragraph 13 of the Complaint are denied.

14. Defendant admits only so much of Paragraph 14 of the Complaint that alleges that Orlando Cruz, cashed out the tips. All other factual allegations contained in Paragraph 14 of the Complaint are denied.

15. Defendant admits only so much of Paragraph 15 of the Complaint that alleges that Plaintiff was paid her regular bartender wage of $7.00 per hour plus tips for the shift worked. By way of further response, the other employee mentioned was not in training and was not paid a higher than minimum wage training rate but was paid $2.83 an hour. All other factual allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are denied.

17. Defendant admits only so much of Paragraph 17 of the Complaint that alleges that Plaintiff complained to owner, Taylor Palacios. By way of further response, neither Evelyn Bhel nor Alex Palacios are owners of the Defendant. All other factual allegations contained in Paragraph 17 of the Complaint are denied.

18. Defendant admits only so much of Paragraph 18 of the Complaint that alleges that Ms. Palacios is more senior than Mr. Cruz. By way of further response, Mr. Cruz, Evelyn Bhel, and Mr. Palacios are not owners of the Defendant. By way of further response, Defendant lacks knowledge, information, or belief that Mr. Cruz was embarrassed, the same is, therefore, denied. All other factual allegations contained in Paragraph 18 of the Complaint are denied.

19. The allegations contained in Paragraph 19 of the Complaint are denied.

**20.** The allegations contained in Paragraph 20 of the Complaint are denied.

**21.** The allegations contained in Paragraph 21 of the Complaint are denied.

**22.** Defendant admits only so much of Paragraph 22 that alleges that the police were called, and Plaintiff was reported to have been intoxicated and failed to leave the premises when asked to do so. All other factual allegations contained in Paragraph 22 of the Complaint are denied.

**23.** The allegations in Paragraph 23 of the Complaint are denied as stated. On the contrary, Plaintiff was not removed from the schedule by any representatives of the Defendant. Rather, Plaintiff requested the days off.

**24.** Defendant admits only so much of Paragraph 24 that alleges that the Plaintiff could not meet with Ms. Vinton until July 2, 2025. Defendant lacks knowledge, information, or belief as to the allegation that Plaintiff could not meet before that date.

**25.** Defendant admits only so much of Paragraph 25 that alleges that the Plaintiff was given a check in the amount of $150 less tax withholdings. All other factual allegations contained in Paragraph 25 of the Complaint are denied.

**26.** Defendant lacks knowledge, information, and belief as to the allegations contained in Paragraph 26 of the Complaint relating to a meeting between the Plaintiff and Ms. Vinton. By way of further response, Defendant denies that Plaintiff has suffered any retaliation and denies the allegation that she continues to suffer retaliation. Further, Defendant lacks knowledge, information, or belief that Plaintiff reasonably fears additional retaliation.

**27.** The allegations contained in Paragraph contain conclusions of law to which no response is required. By way of further response, to the extent a response is required, all factual allegations in Paragraph 27 of the Complaint are denied.

**28.** The allegations contained in Paragraph 28 of the Complaint are denied.

## FMLA Factual Allegations

29.     Defendant admits only so much of Paragraph 29 that alleges that Plaintiff represented that she was hospitalized for three days for sepsis. Defendant lacks knowledge, information, and belief as to the remaining factual allegation in Paragraph 29 of the Complaint, the same, therefore, are denied.

30.     The allegations contained in Paragraph 30 of the Complaint are denied as stated.

31.     The allegations contained in Paragraph 31 of the Complaint constitute conclusions of law to which no response is required,

32.     The allegations contained in Paragraph 32 of the Complaint are admitted.

33.     The allegations contained in Paragraph 33 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the factual allegations contained in Paragraph 33 of the Complaint are denied.

34.     The allegations contained in Paragraph 34 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations in Paragraph 34 are denied.

35.     The allegations contained in Paragraph 25 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the factual allegations contained in Paragraph 35 are denied. By way of further response, it is denied that the Defendant is a covered employer.

36.     The Defendant lacks knowledge, information, or belief as to the allegations contained

in Paragraph 36 of the Complaint. The same are, therefore denied.

37. The allegations contained in Paragraph 37 of the Complaint are denied as stated.

38. The allegations contained in Paragraph 38 of the Complaint are denied as stated.

39. The allegations contained in Paragraph 39 of the Complaint are denied.

40. The allegations contained in Paragraph 40 of the Complaint constitute conclusions of law. To the extent a response may be required, the factual allegations contained in Paragraph 40 of the Complaint are denied.

41. Defendant lacks knowledge, information, or belief as to the allegations in Paragraph 41 of the Complaint. The same are, therefore, denied.

42. The allegations contained in Paragraph 42 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the factual allegations contained in Paragraph 42 of the Complaint are denied.

43. The allegations contained in Paragraph 43 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 43 of the Complaint are denied.

44. The allegations contained in Paragraph 44 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 44 of the Complaint are denied.

45. The allegations contained in Paragraph 45 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 45 of the Complaint are denied.

46. Defendant lacks knowledge, information, or belief as to the factual allegations contained in Paragraph 46 of the Complaint. The same, therefore, are denied.

## COUNT I
## FMLA Interference (29 U.S.C. Section 26159(a)(1)

47. Defendant hereby incorporates its responses to Paragraphs 1-46 hereof as though set forth at length.

48. The allegations contained in Paragraph 48 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 48 of the Complaint are denied.

49. The allegations contained in Paragraph 49 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 49 are denied. By way of further response, Plaintiff has suffered no damages and is not entitled to the relief sought as a matter of law.

## COUNT II
## FMLA Retaliation (29 U.S.C. Section 2615(a)(2)

50. Defendant hereby incorporates its responses to Paragraphs 1-49 hereof as though set forth at length.

51. The allegations contained in Paragraph 51 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 51 are denied.

52. The allegations contained in Paragraph 53 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 52 are denied. By way of further response, Plaintiff has suffered no damages and is not entitled to the relief sought as a matter of law.

## COUNT III
## FLSA Wage Violation (29 U.S.C. Sections 206 and 203(m))

53. Defendant hereby incorporates its responses to Paragraphs 1-52 hereof as though set

forth at length.

54. The allegations contained in Paragraph 54 constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations contained on Paragraph 54 are denied.

55. The allegations contained in Paragraph 55 contain conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 5 are denied. By way of further response, Plaintiff volunteered to share tips with the employee in training on the date noted.

56. The allegations contained in Paragraph 56 contain conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 56 are denied. By way of further response, Plaintiff has suffered no damages and is not entitled to the relief sought as a matter of law.

## COUNT IV
### FLSA Retaliation (29 U.S.C. Section 215(a)(3))

57. Defendant hereby incorporates its responses to Paragraphs 1-56 hereof as though set forth at length.

58. The allegations contained in Paragraph 58 of the Complaint constitute conclusions o law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 58 are denied.

59. The allegations contained in Paragraph 59 constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations contained in Paragraph 59 are denied.

60. The allegations contained in Paragraph 60 of the Complaint constitute conclusions of law to which no response is required. To the extent a response may be required, the allegations in

Paragraph 60 are denied, by way of further response, Plaintiff has suffered no damages and is not entitled to the relief sought as a matter of law.

## RELIEF

No response is required to the "Relief" portion of the Complaint. Defendant asserts, however, that Plaintiff has suffered no damages and is not entitled to the relief sought as a matter of law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

61. The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

62. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### Third Affirmative Defense

63. Defendant invokes the defenses, protections, and limitations of the Fair Labor Standards Act.

### Fourth Affirmative Defense

64. Defendant invokes the defenses, protections, and limitations of the Family and Medical Leave Act.

### Fifth Affirmative Defense

65. At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

### Sixth Affirmative Defense

66. Defendants did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

### Seventh Affirmative Defense

67. Defendant is not a covered employer within the meaning of the FMLA.

### Eighth Affirmative Defense

68. Defendant's business does not meet the definition of a single integrated enterprise pursuant to the FMLA,

### Ninth Affirmative Defense

69. Plaintiff is not an eligible employee within the meaning of the FMLA.

### Tenth Affirmative Defense

70. There is no causal link between the Defendant's alleged conduct and the Plaintiff's alleged harm.

### Eleventh Affirmative Defense

71. Plaintiff is not entitled to liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to liquidated damages.

### Twelfth Affirmative Defense

72. Plaintiff has failed to mitigate her alleged damages.

### Thirteenth Affirmative Defense

73. Plaintiff's claims are barred by the doctrines of waiver, estoppel, and/or laches.

### Fourteenth Affirmative Defense

74. Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

**Fifteenth Affirmative Defense**

75. Defendant's actions were in good faith conformity with and/or reliance on applicable administrative regulation, order, ruling, approval, interpretation, or practice of the U.S. Department of Labor.

**Sixteenth Affirmative Defense**

76. Defendant reserves the right to assert further affirmative defenses as they become evident through discovery and/or investigation.

**Seventeenth Affirmative Defense**

77. Any and all actions taken by the Defendant with respect to Plaintiff were supported by legitimate business reasons and based on objectively reasonable grounds to believe that no violation of the law occurred.

**Eighteenth Affirmative Defense**

78. Any and all actions taken by the Defendant with respect to Plaintiff were based on legitimate, non-retaliatory reasons and not because the Plaintiff engaged in alleged protected activity.

Respectfully Submitted,

**COHEN VAUGHAN**

Dated: September 15, 2025

By: */s/ Pamela G. Cochenour*
Pamela G. Cochenour, Esquire
Attorney I.D. No.: 47761
Joseph E. Vaughan, Esquire
Attorney ID No. 041182
301 Grant Street, Suite 270
Pittsburgh, PA 15219
*Attorneys for Defendant,*
*Los Bajitos Mexican Rest & Grill, Inc.*

**CERTIFICATE OF SERVICE**

    I, Pamela Cochenour, Esquire, hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant, Los Bajitos Mexian Rest & Grill, Inc. has been filed electronically and is available for review and retrieval on the court's website, as authorized by Pennsylvania Federal Ruls by all counsel of record.

                                                   Respectfully Submitted,

                                                  **COHEN VAUGHAN**

Dated: September 15, 2025               By: */s/ Pamela G. Cochenour*
                                                       Pamela G. Cochenour, Esquire
                                                       Attorney I.D. No.: 47761
                                                     Joseph E. Vaughan, Esquire
                                                     Attorney ID No. 041182
                                                     301 Grant Street, Suite 270
                                                     Pittsburgh, PA 15219
                                                     *Attorneys for Defendant,*
                                                     *Los Bajitos Mexican Rest & Grill, Inc.*